No. 21-2683

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

JANAY E. GARRICK,

Plaintiff-Appellee,

v.

THE MOODY BIBLE INSTITUTE OF CHICAGO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District Of Illinois
No. 1:18-cv-00573
John Z. Lee, Judge

DOCKETING STATEMENT
OF THE MOODY BIBLE INSTITUTE OF CHICAGO

Defendant-Appellant, The Moody Bible Institute of Chicago ("MBI"), submits this docketing statement in compliance with Seventh Circuit Rules 3(c)(1) and 28(a).

I.   Jurisdiction of the District Court

The United States District Court for the Northern District of Illinois had (and has) jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action was brought under the laws of the United States. The original Complaint filed by Plaintiff-Appellee, Janay Garrick ("Garrick"), was filed on January 28, 2018, and alleged a violation of Title IX of the Education

Amendments of 1972 (20 U.S.C. § 1681 et seq.) ("Title IX").  (*See* Dkt. 1.)[1]  Garrick's First Amended Complaint alleged violations of both Title IX and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) ("Title VII").  (*See* Dkt. 67.)  Garrick's Second Amended Complaint (the operative complaint) ("SAC") alleges violations of Title VII.  (*See* Dkt. 97.)  Therefore, the district court had (and has) "federal question" jurisdiction.

II.     Jurisdiction of the Court of Appeals

This Court has jurisdiction over this appeal pursuant to the collateral order doctrine.  *See Plumhoff v. Rickard*, 572 U.S. 765 (2014) (district court's rejection of qualified immunity defense was appealable under the collateral order doctrine); *Hanson v. LeVan*, 967 F.3d 584 (7th Cir. 2020) (appellate court has collateral-order-doctrine jurisdiction to review denial of Rule 12(b)(6) motion asserting qualified immunity defense); *McCarthy v. Fuller*, 714 F. 3d 971 (7th Cir. 2013) (appellate court has collateral-order-doctrine jurisdiction over district court's decision to adjudicate issues arguably falling under the protection of the First Amendment Religion Clauses; Seventh Circuit notes that the religious autonomy doctrines are akin to a form of judicial immunity from suit).

MBI is a religious institution that trains students for Christian ministry.  (Dkt. 97 [SAC] at 1 [¶ 1], 34.)  In April 2017, MBI communicated to Garrick, an MBI faculty member, that it would not be renewing her faculty contract because of her admitted non-alignment with MBI's Doctrinal Statement (its statement of central religious beliefs), with which every MBI faculty member must agree.  (Dkt. 97 at 18 [¶ 80], 19 [¶ 84-85], 22 [¶ 96], 34, 36.)  In response to Garrick's SAC, which asserted claims of sex discrimination and retaliation under Title VII, MBI

---

[1] All references to "Dkt." herein are to the docket in the underlying district court matter, No. 1:18-cv-00573 in the U.S. District Court for the Northern District of Illinois.

filed a motion to dismiss, asserting various religious-autonomy defenses under the First Amendment Religion Clauses. (Dkt. 101, 103, 113.) MBI argued that Garrick's suit had to be dismissed because the district court had no authority to adjudicate discrimination claims brought against MBI, a religious school, by a faculty member who served in religious roles and carried out MBI's religious mission. *See, e.g.*, *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049 (2020) (reinstating the district courts' summary judgment rulings in favor of the religious schools; "The religious education and formation of students is the very reason for the existence of most private religious schools, and therefore the selection and supervision of the teachers upon whom the schools rely to do this work lie at the core of their mission. Judicial review of the way in which religious schools discharge those responsibilities would undermine the independence of religious institutions in a way that the First Amendment does not tolerate.").

In a memorandum and order dated October 13, 2020, the district court granted in part, but denied in part, MBI's motion to dismiss. (Dkt. 126.) It permitted Garrick's claims of discriminatory and retaliatory termination to proceed because, despite the admittedly religious nature of MBI's employment decision, Garrick's SAC alleged that MBI's stated religious reason for her separation was "pretextual," i.e., not MBI's "real" reasons for the nonrenewal of her contract. (*See id*. at 1-2, 9-14.) Even though adjudicating whether MBI's stated reason was "pretextual" would directly involve intrusive discovery about, and entangle the district court (both judge and jury) in adjudicating, a religious body's "true" intentions and motives, the district court held that the constitutional religious-autonomy doctrines do not bar adjudication of pretext. (*See id.* at 9-14.) Such decision was contrary to both Supreme Court and Seventh Circuit decisions. *See, e.g., Our Lady*, 140 S. Ct. at 2060-69; *Demkovich v. St. Andrew the Apostle Parish*, 3 F.4th 968, 981-83 (7th Cir. 2021) (en banc).

On October 27, 2020, MBI filed a timely motion for reconsideration of the district court's partial denial of its motion to dismiss the SAC. (Dkt. 128, 129.) MBI's motion for reconsideration, filed 14 days after the district court's erroneous decision, tolled the time period in which MBI had to appeal the district court's October 13, 2020 decision until 30 days after the ruling on Moody's motion to reconsider. *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 8837 (7th Cir. 1999); *cf.* Fed. R. App. P. 4(a)(4)(A). MBI explained that the First Amendment Religion Clauses prohibit a court from permitting litigation of, or adjudicating, employment discrimination claims simply because a plaintiff alleges "pretext" (an allegation that virtually any plaintiff could make). (*See* Dkt. 128, 133.)

On August 12, 2021, the district court denied MBI's motion to reconsider. (Dkt. 134.) Among the errors committed, the district court's decision completely ignored this Court's en banc decision in *Demkovich*, and in fact relied on the *reversed* district court decision in *Demkovich* and the *vacated* panel decision in *Demkovich*. (*See* Dkt. 134 at 3, 7, 8 & n.4.) The district court also denied MBI's request that it certify for appellate review pursuant to 28 U.S.C. § 1292(b) the district court's conclusion that the religious autonomy doctrines present no bar to the adjudication of pretext. (*See* Dkt. 128 at 14-15; Dkt. 134 at 9-10.)

This court has appellate jurisdiction over the district court's ruling denying MBI's motion to dismiss and permitting the exploration and adjudication of "pretext" under the collateral order doctrine. The collateral order doctrine permits an interlocutory appeal from orders that "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment." *Hanson*, 967 F.3d at 589 (cleaned up). The issue of whether a party is immune from suit by virtue of a particular constitutional defense is an issue separate from the merits of the case

and is effectively unreviewable if review is only permitted after final judgment is entered. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (qualified immunity "is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation"). As this Court held in *McCarthy*, rejection of a religious autonomy defense, which would otherwise provide immunity from the travails of litigation, is "closely akin to a denial of official immunity" and is therefore immediately appealable under the collateral order doctrine. 714 F.3d at 975-76 ("The harm of such a governmental intrusion into religious affairs [i.e., forcing discovery and trial on religious issues] would be irreparable, just as in the other types of case in which the collateral order doctrine allows interlocutory appeals.").

On September 13, 2021, MBI filed a timely Notice of Appeal. (Dkt. 142.) (Because the thirtieth day after the district court's August 12, 2021 ruling was Saturday, September 11, MBI's Notice of Appeal was due September 13. *See* Fed. R. App. P. 26(a).)

For further explanation of this Court's jurisdictional bases to hear this appeal, see MBI's Jurisdictional Memorandum, which will be filed on or before September 27, 2021.

Dated: September 20, 2021                                   Respectfully submitted,


                                                          s/ Christian Poland
                                                          One of the Attorneys for Defendant-Appellant,
                                                          The Moody Bible Institute of Chicago

Christian M. Poland
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601-3315
312-602-5000
Fax: 312-602-5050
christian.poland@bclplaw.com