

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

November 7, 2023

**By Electronic Case Filing**

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

**Re:** *Garrick v. Moody Bible Institute,* **No. 21-2683**
**Response to Rule 28(j) Notice of Supplemental Authority:**

> *Wells ex rel. Glover v. Creighton Preparatory Sch.*, 82 F.4th 586 (8th Cir. 2023)

Dear Mr. Conway:

Garrick invokes a footnote in *Creighton* to claim that church autonomy has no application whenever disputes can be resolved "by applying neutral principles of law." *Id.* at 594 n.4. That claim misconstrues *Creighton*, was rejected by *Demkovich*, and is irrelevant under *NLRB*.

*Creighton* dismissed a Title IX sex-discrimination claim against a religious school because the complaint failed to show the school took any action "because of" the plaintiff's sex—which his counsel "candidly admitted." *Id.* at 593. The court then declined to resolve the school's church-autonomy defense. *Id.* at 594 n.4.

First, far from "reject[ing]" church autonomy "out of hand," Dkt.105, the footnote merely reflects the uncontroversial proposition that courts can dismiss meritless claims on nonreligious statutory grounds without reaching constitutional church-autonomy defenses. In such instances, disposing of the claim avoids inquiry "into religious law and polity." *Id.* at 594 n.4 (citation omitted). So too here: this Court can reject Garrick's claim under Title VII's religious exemption without resolving the merits of Moody's church-autonomy defense. Reply Br.21-22; Br.43-44 (citing EEOC guidance).


Second, Garrick's argument contradicts *Demkovich*, which—like many other courts—rejected applying the "neutral principles" approach to an employment-discrimination claim that strikes at a religious group's "faith and mission." 3 F.4th at 980; Reply Br.12-13. For good reason: applying "neutral principles" in this context would "eviscerate the church autonomy doctrine," allowing plaintiffs to argue that "any cause of action has secular components that can be resolved using some facially neutral principles." *Belya v. Kapral*, 59 F.4th 570, 580-81 (2d Cir. 2023) (Park, J., dissenting from denial of en banc rehearing).

Third, Garrick's argument is irrelevant because this Court's *NLRB* decision explained there is no way to "neutrally" adjudicate pretext without "becoming entangled in doctrinal matters" where (as here) the case involves an undisputed violation of religious doctrine. 559 F.2d at 1125; *accord Curay-Cramer*, 450 F.3d at 141; *Bryce*, 289 F.3d at 658-59. And this case is even easier than *NLRB*, since Garrick's own pleadings "candidly admit[]" she was terminated for non-pretextual religious reasons. Reply Br.13-15.

Rather than "expand[ing]" church autonomy doctrine, Dkt.105, this is a core application of it.

Respectfully submitted,

/s/ Daniel H. Blomberg

| | |
|---|---|
| Christian M. Poland | Daniel H. Blomberg |
| BRYAN CAVE LEIGHTON PAISNER LLP | Luke W. Goodrich |
| | Laura Wolk Slavis |
| 161 N. Clark St., Ste. 4300 | Colten L. Stanberry |
| Chicago, IL 60601-3315 | THE BECKET FUND FOR RELIGIOUS LIBERTY |
| (312) 602-5085 | 1919 Pennsylvania Ave. N.W., Ste. 400 |
| christian.poland@bclplaw.com | Washington, DC 20006 |
| | (202) 955-0095 |
| | dblomberg@becketlaw.org |

*Counsel for Defendant-Appellant*

Word count: 350 words

cc: All counsel of record (by ECF notification)