

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

January 17, 2024

**By Electronic Case Filing**

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

Re: *Garrick v. Moody Bible Institute,* No. 21-2683
Rule 28(j) Notice of Supplemental Authority:

*United States v. Trump*, 88 F.4th 990 (D.C. Cir. 2023)

Dear Mr. Conway:

The D.C. Circuit unanimously recognized a category of interlocutory-appellate jurisdiction new to the circuit: First Amendment objections to "[o]rders restraining parties' speech during the pendency of a criminal case[.]" *Id.* at 1000. Such orders implicate not just personal rights, but the "public interest" in "open discussion of the trial process." *Id.* Later review was inadequate because by then the "damage to First Amendment interests would be done," and it risked "excessively chill[ing] protected speech" by forcing such speech through the "considerable burden" of "case-by-case litigation." *Id.* at 1001; *United States v. Kerley*, 753 F.2d 617, 619 (7th Cir. 1985) (collecting similar cases).

*Trump* confirms this Court's jurisdiction. The "very process of inquiry" into Garrick's claims harms the structural First Amendment autonomy against "civil intrusion into, and excessive entanglement with" faith and doctrine. *Demkovich*, 3 F.4th at 975-78, 983. Like the "public interest" in *Trump*, this autonomy protects the public against church-state entanglement violating both Religion Clauses. *See* Br.15-22; Reply 10 (noting EEOC's agreement).

As in *Trump*, delaying review here threatens "damage to First Amendment interests": "irreparable," entangling "governmental intrusion" into "issues of religious doctrine" that can't be undone. *McCarthy*, 714 F.3d at 975-76; Br.18; Reply 3. That harm is unusually clear because:


(1) The district court's sole "distinction" between the FAC and SAC—the allegation that Moody *wasn't* motivated by religion, SA.11—is neither a distinction (it's in both complaints) nor relevant (Garrick conceded Moody's religious motivation under penalty of perjury). Br.35; Reply 13-15.

(2) A religious dispute underlies all of Garrick's claims, which arose "only after" and "[a]s a result of" Garrick being the "first" to engage in "open and active … opposition" to Moody's clergy-composition beliefs. A.100-110 ¶¶44, 69-72, 88, A.124-25; Br.30-32.

(3) The pretext inquiry ordered below requires inherently entangling civil discovery into a conceded violation of concededly sincere religious beliefs. *Curay-Cramer*, 450 F.3d at 141; *Demkovich*, 343 F.Supp.3d at 786-87; *NLRB*, 559 F.2d at 1125.

Finally, as in *Trump*, requiring the continued "prejudicial effects of incremental litigation" before review, *Demkovich*, 3 F.4th at 982, is a "considerable burden" that would "excessively chill" Moody's claimed rights.

Word Count: 349

Respectfully submitted,

/s/ Daniel H. Blomberg

| | |
|---|---|
| Christian M. Poland | Daniel H. Blomberg |
| BRYAN CAVE LEIGHTON | Luke W. Goodrich |
|   PAISNER LLP | Laura Wolk Slavis |
| 161 N. Clark St., | Colten L. Stanberry |
|   Ste. 4300 | THE BECKET FUND FOR |
| Chicago, IL 60601-3315 |   RELIGIOUS LIBERTY |
| (312) 602-5085 | 1919 Pennsylvania Ave. N.W., |
| christian.poland@bclplaw.com |   Ste. 400 |
| | Washington, DC 20006 |
| | (202) 955-0095 |
| | dblomberg@becketlaw.org |

*Counsel for Defendant-Appellant*

cc: All counsel of record (by ECF notification)