

1310 L Street NW Suite 200, Washington, DC 20005
(202) 466-3234  |  au.org

January 25, 2024

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

    Re: Rule 28(j) Notice of Supplemental Authority in *Garrick v. Moody Bible Institute*, No. 21-2683

    *United States v. Trump*, 88 F.4th 990 (D.C. Cir. 2023)

Dear Mr. Conway:

    The D.C. Circuit held that it has jurisdiction to hear interlocutory appeals of "[o]rders restraining parties' speech during the pendency of a criminal case." *United States v. Trump*, 88 F.4th 990, 1000 (D.C. Cir. 2023). Moody argues (at 1) that "*Trump* confirms this Court's jurisdiction." Not so.

    *Trump* did not conclude that First Amendment interests broadly support new categories of appeals. Instead, the D.C. Circuit relied on the free-speech interests implicated by gag orders in criminal cases, including "transparency of criminal trials and open discussion of the trial process," which might lead to systemic change. *Trump*, 88 F.4th at 1000-01. Civil litigation between private parties does not implicate any of these interests.

    Additionally, Moody skips over the other collateral-order requirements satisfied in *Trump*: that an appealable collateral order conclusively determines an issue and is separate from the merits. Orders restraining speech during criminal cases, "by their nature, conclusively determine whether parties may speak on specified matters pertaining to the criminal trial." *Id.* at 1000. But here the district court did not conclusively determine anything—it explicitly noted the ongoing obligation of the court

to avoid deciding ecclesiastical issues. *See* Garrick Br. 35-36. And unlike criminal gag orders, which do not "touch on a defendant's guilt or innocence or any merits issue," *Trump*, 88 F.4th at 1001, Moody argues on appeal that its alleged religious motivations mean that Moody prevails on Garrick's Title VII claims—the merits of the case. *See* Garrick Br. 36-37.

Instead of showing how it meets the stringent collateral-order standards, Moody again relies on its skewed interpretation of the facts of this case. But even if Moody's retelling were accurate, it wouldn't matter—the collateral-order doctrine applies to entire categories of cases. And Moody again ignores that this Court has already held that the categories of orders in *this* case—denials of church-autonomy defenses and Title VII religious-exemption defenses—are not appealable collateral orders. *See Herx v. Diocese of Fort Wayne-S. Bend, Inc.*, 772 F.3d 1085, 1090 (7th Cir. 2014). Moody continues to fail to explain how this Court can come to the exact opposite conclusion here.

Sincerely,

Bradley Girard

cc: Counsel of record (by ECF)

## CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 28(j), the body of this letter contains 350 words.

Date: January 25, 2024                    /s/ *Bradley Girard*