

**1310 L Street NW Suite 200, Washington, DC 20005**
**(202) 466-3234 | au.org**

February 6, 2024

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

    Re: Rule 28(j) Notice of Supplemental Authority in *Garrick v. Moody Bible Institute*, No. 21-2683

    *Abdelhady v. George Wash. Univ.*, 89 F.4th 955 (D.C. Cir. 2024)

Dear Mr. Conway:

    The D.C. Circuit acknowledged that it must "exercise great care" to maintain limits on the collateral-order doctrine. *Abdelhady v. George Wash. Univ.*, 89 F.4th 955, 957 (D.C. Cir. 2024). The court recognized that collateral review is appropriate only where the order (1) is conclusive, (2) resolves an important question separate from the merits, and (3) is effectively unreviewable on appeal. *Id.* Applying those factors, the court held that "the denial of [a] motion to seal records containing medical information is immediately appealable." *Id.* at 958.

    Moody argues (at 1), that "*Abdelhady*'s analysis applies here." Moody misconstrues both the collateral-order doctrine and *Abdelhady*.

    In *Abdelhady*, the court determined that orders denying motions to seal private medical records are "conclusive on the question of sealing and resolve[] an important question separate from the merits." 89 F.4th at 957. Here, the district court's order did not conclusively determine any church-autonomy issues—it explicitly left them to be revisited. Garrick Br. 35-36. And whether Moody's reasons for firing Garrick were pretextual is central to the merits of Garrick's Title VII claims. Garrick Br. 36-37.

Moody ignores those *Cohen* factors and jumps to *Abdelhady*'s irreparable-harm analysis, which applied exclusively to release of private medical records. But this Court has already held that "enforcement of the final-judgment rule" does not irreparably harm church-autonomy interests, *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1092 (7th Cir. 2014), the issue in *this* case.

Worse yet, Moody argues (at 1) that this Court shouldn't be concerned about opening the floodgates because *Abdelhady* confirms that collateral-order jurisdiction turns on "the particular appeal's 'circumstances.'" That is flatly wrong. Far from endorsing any case-by-case analysis, *Abdelhady*'s collateral-order holding applies to an entire category of orders—refusals to seal "records containing medical information." *See* 89 F.4th at 958.

Finally, Moody points out (at 2) that the plaintiff in *Abdelhady* "sought neither §1292(b) certification nor mandamus." But Moody fails to explain how *Abdelhady*'s silence on those case-specific alternatives overcomes the raft of caselaw explaining that those alternatives are preferred to the sea change that Moody seeks. *See* Garrick Br. 22.

Sincerely,

Bradley Girard

cc: Counsel of record (by ECF)

# CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 28(j), the body of this letter contains 349 words.

Date: February 6, 2024 /s/ *Bradley Girard*