

1310 L Street NW Suite 200, Washington, DC 20005
(202) 466-3234 | au.org

March 18, 2024

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604

    Re: Rule 28(j) Notice of Supplemental Authority in *Garrick v. Moody Bible Institute*, No. 21-2683

    *Klein v. Oved*, No. 23-14105, 2024 WL 1092324 (11th Cir. Mar. 13, 2024)

Dear Mr. Conway:

The Eleventh Circuit held that it did not have appellate jurisdiction to review a district court's denial of a motion to dismiss under the church-autonomy doctrine. *See Klein v. Oved*, No. 23-14105, 2024 WL 1092324, at *1 (11th Cir. Mar. 13, 2024).[1] The court concluded that the district court's denial did not satisfy any of the *Cohen* criteria. *Id.*

Before the Eleventh Circuit, the appellants made the same arguments as Moody does here. They ignored *Herx* and argued that *McCarthy* held that denials of church-autonomy defenses satisfied *Cohen*. Appellants' Br. 25-26 (ECF 21). They argued that the Religion Clauses are an immunity from suit. *Id.* at 25-29. And they argued that various statements about the "structural limitations" of the First Amendment supported interlocutory appeal. *Id.* at 29-31.

The Eleventh Circuit disagreed and held that none of the *Cohen* factors were satisfied. Specifically, the court reasoned that denial of a motion to

---

[1] The Eleventh Circuit uses the term "ecclesiastical abstention," which is interchangeable with "church autonomy."

dismiss under the church-autonomy doctrine "did not conclusively determine" the issue. *Klein*, 2024 WL 1092324, at *1. Nor was the issue separate from the merits of the appellee's tort claims. *Id.* And most importantly, the court concluded that church autonomy defenses are "reviewable from a final judgment without losing the benefit of the doctrine" because the doctrine "prevents courts from deciding matters of ecclesiastical beliefs and governance but does not immunize religious groups or figures from suit." *Id.*

The Eleventh Circuit joins this Court, the Second Circuit, and the Tenth Circuit in rejecting the same novel application of *Cohen* that Moody demands here. *See Herx v. Diocese of Fort Wayne-S. Bend, Inc.*, 772 F.3d 1085, 1090 (7th Cir. 2014); *Belya v. Kapral*, 45 F.4th 621, 633 (2d Cir. 2022), *cert. denied*, 143 S.Ct. 2609 (2023); *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1039 (10th Cir. 2022), *cert. denied*, 143 S.Ct. 2608 (2023).

This case should be dismissed for lack of jurisdiction.

Sincerely,

Bradley Girard

cc: Counsel of record (by ECF)

# CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 28(j), the body of this letter contains 328 words.

Date: March 18, 2024                     /s/ *Bradley Girard*

2024 WL 1092324
Only the Westlaw citation is currently available.
United States Court of Appeals, Eleventh Circuit.

MATTHEW KLEIN, THE HEALTH SPECTRUM, LLC, Plaintiffs-Counter Defendants-Appellants
MARY ELKINS, Counter Defendant-Appellant,
v.
DIAN OVED, OVED MEDIA INTERNATIONAL INC., d.b.a. Empower Digital, Defendants-Counter Claimants-Appellees

No. 23-14105
|
Filed: 03/13/2024

Appeal from the United States District Court for the Southern District of Florida

D.C. Docket No. 9:22-cv-80160-KAM

Before Newsom, Brasher, and Abudu, Circuit Judges.

**Opinion**

PER CURIAM:

*1 Upon review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

In October 2022, Matthew Klein filed a complaint against Dian Oved. Oved raised multiple counterclaims against Klein, alleging that he fraudulently misrepresented himself as a spiritual healer, and named Klein's business partner, Mary Elkins, as an additional counter-defendant. Klein and Elkins moved separately to dismiss Oved's counterclaims, with Klein claiming that the district court did not have jurisdiction to consider the counterclaims because they raised questions of religious belief that cannot be resolved by the courts under the ecclesiastical abstention doctrine. In an order entered November 16, 2023, the district court determined that the ecclesiastical abstention doctrine did not apply to Oved's counterclaims as pleaded and the action would proceed, noting that Klein and Elkins could reassert the doctrine as a defense if facts emerged in support. Klein and Elkins filed a notice of appeal from the November 16, 2023, order.

The November 16, 2023, order is not final or appealable. The order is not final because the district court case is ongoing, with an amended set of counterclaims pending. See 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).

Additionally, the order is not immediately appealable pursuant to the collateral order doctrine. See *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014). An order is immediately appealable under that doctrine if it: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from and collateral to the merits of the action; and (3) would be effectively unreviewable on appeal from the final judgment. *Id.*

The November 16, 2023, order did not conclusively determine whether the ecclesiastical abstention doctrine could shield Klein and Elkins from liability. *See id.* The applicability of that doctrine is not collateral to the issue of whether Klein and Elkins used spirituality to defraud Oved or held sincere religious beliefs, *i.e.,* the issue of whether the doctrine applies is not completely separate from the merits of Oved's counterclaims. *See id.* And the November 16, 2023, order is reviewable from a final judgment without losing the benefit of the doctrine, which prevents courts from deciding matters of ecclesiastical beliefs and governance but does not immunize religious groups or figures from suit. See *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009); *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 446-47 (1969); *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709-10 (1976); *Crowder v. S. Baptist Convention*, 828 F.2d 718, 727 (11th Cir. 1987); *Jones v. Wolf*, 443 U.S. 595, 602-03 (1979).

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 1092324

---

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.