# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JANAY E. GARRICK<br><br>    *Plaintiff-Appellee,*<br><br>v.<br><br>MOODY BIBLE INSTITUTE<br><br>    *Defendant-Appellant.* | No. 21-2683 |

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF DEFENDANT-APPELLANT PETITIONING FOR REHEARING EN BANC

Pursuant to Federal Rule of Appellate Procedure 29(b)(2), proposed *amici curiae* Sharon Fast Gustafson and Rachel N. Morrison ("*Amici*") respectfully request leave to file the accompanying *amici curiae* brief in support of Defendant-Appellant's petition for rehearing en banc (ECF 127). Defendant-Appellant consents to the filing of this brief, and Plaintiff-Appellee does not oppose this motion. In support of this motion, *Amici* state the following:

    1. "The policy of this court is … to grant permission to file an amicus brief … when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties

1

are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). *Amici* offer a unique perspective here that will assist the Court in determining whether to grant Defendant-Appellant's petition for rehearing.

2. The panel held that the church autonomy doctrine does not create immunity from suit and thus is not immediately appealable. It reached this conclusion, in part, because it thought that disputes between religious employers and their employees "implicat[e] only private parties" as "[n]o … unit of government is involved," and thus such cases "d[o] not imperil a substantial public interest." Op. 21 (cleaned up). *Amici*'s brief emphasizes how this conclusion is wrong given that these dispute often implicate federal enforcement agencies, like the Equal Employment Opportunity Commission ("EEOC" or "Commission"), and that greater involvement by these agencies in religious employment disputes risks imperiling constitutional rights in impermissible ways.

3. *Amicus* Sharon Fast Gustafson is a former General Counsel of the EEOC. During her time at the agency, she established a Religious Discrimination Work Group to promote religious nondiscrimination and accommodation. Ms. Gustafson has worked to

promote religious nondiscrimination and accommodation, as well as litigated these cases under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* *Amicus* Rachel N. Morrison was an attorney advisor to General Counsel Gustafson and a member of the Religious Discrimination Work Group. Ms. Morrison has written and spoken as an expert on employees' religious rights in the workplace. Both are experts in religion-related employment discrimination.

4. *Amici*'s knowledge of the EEOC and its practices gives them a unique perspective on how EEOC investigations have affected religious employers, and how—given the panel's decision—EEOC investigations will likely affect religious employers going forward. Not only will increased EEOC involvement immensely burden the limited resources of religious organizations trying to fulfill their sincere missions, but it will also inevitably lead to greater entanglement in religious affairs.

5. As the accompanying brief explains, the EEOC has historically pursued perceived Title VII violations by religious employers in aggressive ways that have largely ignored those employers' rights under the First Amendment. In light of recent Supreme Court decisions

3

clarifying the scope of the church autonomy doctrine, the Commission updated its internal guidance and instructed its staff to resolve church autonomy issues *before* reaching any underlying discrimination claims. *See* EEOC Compliance Manual § 12-I.C.2 (Jan. 15, 2021). Yet in this case, and in a return to prior practice, the EEOC has advocated against these protections and the Commission's positions stated in the 2021 guidance. *See* ECF 86. *Amici* explain that because the panel's decision essentially sanctions the EEOC's preferred limits on church autonomy protections, the agency will be emboldened to reinsert itself into religious employment disputes at the expense of religious rights.

6. The brief further explains how greater EEOC involvement will financially and constitutionally burden religious employers. As to financial burdens, *Amici* explain how typical EEOC investigations are highly intrusive, taking months or years to complete and often sprawling far beyond initial allegations of discrimination. Not only does this impose significant economic costs on religious employers, but these investigations also distract organizations from being able to further their sincere religious missions. As to constitutional burdens, *Amici* further explain how EEOC investigations will impermissibly result in greater

4

entanglement in religious affairs, especially when disputes involve minority religious beliefs.

7. In short, *Amici*'s brief offers the foregoing unique perspectives that can "assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

Accordingly, *Amici* respectfully request that this Court grant leave to file the attached *amici curiae* brief.

Dated: April 22, 2024   /s/ MaKade C. Claypool

          Robert K. Kelner
          MaKade C. Claypool
            *Counsel of Record*
          COVINGTON & BURLING LLP
          850 Tenth Street, NW
          Washington, DC 20001-4956
          (202) 662-6000
          mclaypool@cov.com

          *Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 746 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Circuit Rule 32(b) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: April 22, 2024             */s/ MaKade C. Claypool*

                                                     MaKade C. Claypool
                                                     *Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2024, an electronic copy of the foregoing motion was filed with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit using the Clerk's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

<u>/s/ MaKade C. Claypool</u>

MaKade C. Claypool
*Counsel for Amici Curiae*