# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

JANAY E. GARRICK,
*Plaintiff-Appellee,*

v.

MOODY BIBLE INSTITUTE,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
Case No. 1:18-cv-00573 / Honorable John Z. Lee

**BRIEF OF AMERICAN ASSOCIATION OF CHRISTIAN SCHOOLS, ASSOCIATION OF CHRISTIAN SCHOOLS INTERNATIONAL, ASSOCIATION OF CLASSICAL CHRISTIAN SCHOOLS, CARDINAL NEWMAN SOCIETY, INTERNATIONAL ALLIANCE FOR CHRISTIAN EDUCATION, AND JUDSON UNIVERSITY AS *AMICI CURIAE* IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING EN BANC**

RORY T. GRAY
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd.
Suite D-100
Lawrenceville, GA 30043
(770) 339-0774
rgray@ADFlegal.org

JOHN J. BURSCH
GREGORY S. BAYLOR
CODY S. BARNETT
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal.org
gbaylor@ADFlegal.org
cbarnett@ADFlegal.org

*Attorneys for Amici Curiae*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2683

Short Caption: Garrick v. Moody Bible Institute

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
American Association of Christian Schools, Association of Christian Schools International, Association of Classical
Christian Schools, Cardinal Newman Society, International Alliance for Christian Education, Judson University

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Alliance Defending Freedom

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and
    N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
    N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

Attorney's Signature: s/ Rory T. Gray    Date: April 22, 2024

Attorney's Printed Name: Rory T. Gray

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [✓]    **No** [ ]

Address: 1000 Hurricane Shoals Road, Suite D-1100

Lawrenceville, GA 30043

Phone Number: 770-339-0774    Fax Number:

E-Mail Address: rgray@adflegal.org

rev. 12/19 AK

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2683

Short Caption: Garrick v. Moody Bible Institute

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
    American Association of Christian Schools, Association of Christian Schools International, Association of Classical

    Christian Schools, Cardinal Newman Society, International Alliance for Christian Education, Judson University

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
    Alliance Defending Freedom

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: s/ John J. Bursch          Date: April 22, 2024

Attorney's Printed Name:   John J. Bursch

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [ ]    **No** [✓]

Address:  440 First Street NW, Suite 600

    Washington, DC 20001

Phone Number: 616-450-4235          Fax Number:

E-Mail Address: jbursch@adflegal.org

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2683

Short Caption: Garrick v. Moody Bible Institute

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    [ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

American Association of Christian Schools, Association of Christian Schools International, Association of Classical

Christian Schools, Cardinal Newman Society, International Alliance for Christian Education, Judson University

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Alliance Defending Freedom

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

    N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/ Gregory S. Baylor      Date: April 22, 2024

Attorney's Printed Name: Gregory S. Baylor

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [ ]    **No** [✓]

Address: 440 First Street NW, Suite 600

Washington, DC 20001

Phone Number: 202-393-8690      Fax Number:

E-Mail Address: gbaylor@adflegal.org

rev. 12/19 AK

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2683

Short Caption: Garrick v. Moody Bible Institute

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

American Association of Christian Schools, Association of Christian Schools International, Association of Classical

Christian Schools, Cardinal Newman Society, International Alliance for Christian Education, Judson University

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Alliance Defending Freedom

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

N/A

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/ Cody S. Barnett      Date: April 22, 2024

Attorney's Printed Name: Cody S. Barnett

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: 44180 Riverside Pkwy

Lansdowne, VA 20176

Phone Number: 571-707-4655      Fax Number:

E-Mail Address: cbarnett@adflegal.org

rev. 12/19 AK

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .............................................i

TABLE OF AUTHORITIES ................................................... iii

INTEREST OF AMICUS CURIAE ........................................... 1

INTRODUCTION ............................................................... 4

SUMMARY OF ARGUMENT ................................................ 4

ARGUMENT ...................................................................... 6

I.  The panel ruling upends this Court's precedent on interlocutory appeals of religious-autonomy claims........................ 6

II.  The panel majority got legal issues of exceptional importance gravely wrong. ................................................................ 7

    A.  The panel majority's all-but-nonexistent view of religious autonomy isn't supportable. ................................... 8

    B.  Moody's right not to stand trial based on church autonomy satisfies the collateral-order doctrine.................. 10

CONCLUSION ................................................................... 13

CERTIFICATE OF COMPLIANCE..................................... 14

CERTIFICATE OF SERVICE............................................... 15

# TABLE OF AUTHORITIES

## Cases

*Bell v. Presbyterian Church (U.S.A.)*,
126 F.3d 328 (4th Cir. 1997) ............................................................9

*Brooks v. Walls*,
279 F.3d 518 (7th Cir. 2002) .............................................................6

*Bryce v. Episcopal Church in the Diocese of Colorado*,
289 F.3d 648 (10th Cir. 2002) ...........................................................9

*Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc.*,
450 F.3d 130 (3d Cir. 2006)..............................................................10

*Demkovich v. St. Andrew the Apostle Parish*,
3 F.4th 968 (7th Cir. 2021).................................................. 4, 9, 13

*Digital Equipment Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994) .......................................................................12

*Garrick v. Moody Bible Institute*,
2021 WL 12110542 (N.D. Ill. Aug. 12, 2021) ................................11

*General Council on Finance & Administration of the United Methodist Church v. Superior Court of California*,
439 U.S. 1355 (1978) .......................................................................8

*Helstoski v. Meanor*,
442 U.S. 500 (1979) .......................................................................12

*Herx v. Diocese of Fort Wayne-South Bend, Inc.*,
772 F.3d 1085 (7th Cir. 2014) ......................................................6, 7

*Hosanna-Tabor Evangelical Lutheran Church & School v. EEOC*,
565 U.S. 171 (2012) .......................................................................11

*Johnson v. Jones*,
515 U.S. 304 (1995) .........................................................................6

*McCarthy v. Fuller*,
    714 F.3d 971 (7th Cir. 2013) ......................................................6, 7

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) .............................. 7, 10, 11, 12

*Mohawk Industries, Inc. v. Carpenter*,
    558 U.S. 100 (2009) .............................................. 10, 12

*NAACP v. Button*,
    371 U.S. 415 (1963) ........................................................10

*NLRB v. Catholic Bishop of Chicago*,
    440 U.S. 490 (1979) ..........................................................9

*Our Lady of Guadalupe School v. Morrissey-Berru*,
    140 S. Ct. 2049 (2020) .....................................................12

*Plumhoff v. Rickard*,
    572 U.S. 765 (2014) ..........................................................11

*Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*,
    506 U.S. 139 (1993) ..........................................................11

*Rayburn v. General Conference of Seventh-Day Adventists*,
    772 F.2d 1164 (4th Cir. 1985) ...........................................9

*Scharon v. St. Luke's Episcopal Presbyterian Hospitals*,
    929 F.2d 360 (8th Cir. 1991) .............................................9

*Shoop v. Twyford*,
    596 U.S. 811 (2022) ..........................................................12

*Skrzypczak v. Roman Catholic Diocese of Tulsa*,
    611 F.3d 1238 (10th Cir. 2010) .........................................9

*Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*,
    2021 WL 9181051 (7th Cir. July 22, 2021) .....................7

*Tomic v. Catholic Diocese of Peoria*,
    442 F.3d 1036 (7th Cir. 2006) .......................................8, 9

*Van Cauwenberghe v. Biard,*
486 U.S. 517 (1988) ................................................................. 10, 12

*Whole Woman's Health v. Smith,*
896 F.3d 362 (5th Cir. 2018) ........................................................... 12

*Will v. Hallock,*
546 U.S. 345 (2006) ..................................................................... 12

## **Rules**

Fed. R. App. P. 35(a) ..................................................................... 4

## INTEREST OF AMICI CURIAE[1]

The American Association of Christian Schools is an association of 40 state and regional associations; including the Illinois Association of Christian Schools, the Wisconsin Association of Christian Schools, and the Indiana Association of Christian Schools; all of which promote high-quality Christian education. AACS represents more than 700 schools—including schools in the Seventh Circuit. AACS seeks to integrate faith into scholarship and form the next generation of Christian leaders.

The Association of Christian Schools International is a nonprofit association that supports 24,000 Christian schools in over 100 countries. ACSI serves member-schools worldwide, including 2,200 Christian preschools, elementary, and secondary schools and 90 post-secondary institutions in the United States—some of which are situated in the Seventh Circuit. ACSI provides pre-K–12 accreditation, professional development, high-quality curricula, and other educational services that cultivate a vibrant Christian faith that embraces all of life.

The Association of Classical Christian Schools represents more than 400 classical Christian schools, including schools in the Seventh Circuit, which engage in classical education from a Christian world-

---

[1] No counsel for a party authored this brief in whole or in part, and no person other than amici and their counsel made any monetary contribution intended to fund the preparation or submission of this brief.

view. ACCS provides member-schools educational resources that help them fulfill their mission to provide a Christian classical education, including accreditation services, public advocacy, and staffing support.

The Cardinal Newman Society's mission is to promote and defend faithful Catholic education throughout the world, including schools in the Seventh Circuit's jurisdiction. The Society fulfills that mission by advocating and supporting fidelity to the Catholic Church's teaching across all levels of Catholic education; identifying and promoting clear standards of Catholic identity and best practices in Catholic education; and recognizing exemplary Catholic educators and institutions.

The International Alliance for Christian Education promotes biblical orthodoxy, scholarship, and cultural witness at all levels of education. It serves diverse entities, including seminaries, colleges and universities, parachurch organizations, and other education providers, including religious organizations in the Seventh Circuit. IACE helps member-schools promote biblical leadership, foster intellectual discipleship, and cultivate Christian worldview formation.

Judson University is an evangelical Christian university located in Elgin, Illinois, that represents the Church at work in higher education. Judson equips students to be: decisive leaders and active participants in church and society, articulate proponents of Biblical Christianity, persuasive advocates for the sovereignty of God over all life, and effective ambassadors for Christ.

Amici are, represent, or work alongside religious educational institutions, including many located in Illinois, Indiana, and Wisconsin. These groups and their members promote biblical community, scholarship, and training, and face threats from those who disagree with and seek to change their religious views. Amici have an intense interest in courts safeguarding religious autonomy and enforcing constitutional protections at the earliest opportunity, minimizing secular interference in religious affairs. Because Amici advocate for religious organizations' right to operate free from government intrusion, consistent with the First Amendment's Religion Clauses, and are potential targets of discrimination lawsuits themselves, they have a robust interest in the outcome of this case.

## INTRODUCTION

On matters of religious autonomy, the Seventh Circuit has long been a shining beacon. But recently, former employees of religious ministries have advanced legal theories this Court has previously rejected, and split panels have effectively overruled the Court's First-Amendment-protective caselaw *sub silentio*. Just as in *Demkovich v. St. Andrew the Apostle Parish*, 3 F.4th 968 (7th Cir. 2021) (en banc), en banc review is essential here to maintain uniformity of the Court's decisions and resolve legal questions of exceptional importance. Fed. R. App. P. 35(a).

## SUMMARY OF ARGUMENT

The panel below didn't write on a blank slate. This Court has repeatedly allowed religious groups to immediately appeal adverse religious-autonomy claims when district courts reject a developed legal theory that the First Amendment forbids a secular trial or other litigation burdens. Yet the panel majority's ruling here bars such appeals, not just for Moody but *universally*, upending this Court's precedent and requiring en banc review to preserve uniformity.

The panel majority also got important legal issues egregiously wrong. For example, it assumed that the First Amendment bars only explicit inquiries into doctrinal matters, rendering church autonomy practically nonexistent. But this Court and other circuits have rejected

the type of pretext inquiry the panel majority ordered here as inherently coercive and essentially theological in nature.

Moreover, the panel majority's assertion that this case involves non-religious discrimination defies the record. Garrick admitted in a sworn declaration that she and Moody parted ways because their theology differed. She can't evade Moody's First Amendment rights by ignoring theological disputes and applying a sex-discrimination label.

The panel majority's immediate-appealability analysis is also untenable and wrongly prejudges the merits. Moody's asserted right not to stand trial or face other litigation burdens based on a fleshed-out constitutional theory meets the collateral-order doctrine's requirements.

Overall, en banc review is essential because the panel opinion minimizes the Religion Clauses and poses irreparable harm to religious organizations, including amici and their members.

**ARGUMENT**

**I.    The panel ruling upends this Court's precedent on inter-locutory appeals of religious-autonomy claims.**

One panel cannot implicitly overrule another. *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002). Yet that's what the panel majority did—three times over. Op.13–17. *McCarthy v. Fuller*, 714 F.3d 971, 975 (7th Cir. 2013), established that a subset of church-autonomy claims is "closely akin to a denial of official immunity" and satisfies "[t]he conditions for collateral order review." Yet the panel majority held that church-autonomy claims flunk that test, Op.17–23, and limited *McCarthy* to its facts, Op.17. That's wrong because appealability depends on "categories of orders," not "ad hoc balancing" in each case, *Johnson v. Jones*, 515 U.S. 304, 315 (1995).

For that proposition, the panel majority cited *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1090 (7th Cir. 2014), where a religious group devoted "only a few sentences … to the criteria for collateral-order review." *Accord* Op.13–15. But *Herx* is nothing like this case: Moody offers a developed religious-autonomy argument for immediate appeal.

What's more, *Herx* accepted that another religious group could "establish[ ] that … the First Amendment … provides an immunity *from trial*, as opposed to an ordinary defense to liability." 772 F.3d at

1090 (emphasis in original). And that statement is consistent with *McCarthy*, where the religious organization made that showing.

Last, this Court said in *Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.*, No. 20-3265, 2021 WL 9181051, at *1 (7th Cir. July 22, 2021), that collateral-order review isn't available when "factual disputes remain to be resolved." Otherwise, the court said, "interlocutory appeal" is available when religious organizations "assert a genuine 'right not to be tried,'" not "only a right to prevail." *Id. Starkey* dovetails with *McCarthy*, *Herx*, and courts' interlocutory review of legal questions about qualified immunity, *e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But the panel majority never even grappled with *Mitchell*.

*McCarthy*, *Herx*, and *Starkey* authorized collateral-order review of a subclass of church-autonomy claims, *i.e.*, legal (not factual) questions involving a right not to stand trial or face the other burdens of litigation. Yet the panel majority slammed that door firmly shut. Only the en banc Court can resolve the intra-circuit conflict and halt the panel majority's blessing of rampant secular "intrusion into religious affairs" that is "irreparable." *McCarthy*, 714 F.3d at 976.

## II. The panel majority got legal issues of exceptional importance gravely wrong.

Though Amici affirm the entirety of Moody's en banc petition, they focus on two issues of exceptional importance: (1) religious autonomy's scope and (2) immediate review of Moody's asserted constitutional right

not to face trial or other litigation burdens. The panel majority got both gravely wrong, necessitating en banc review.

**A. The panel majority's practically nonexistent view of religious autonomy is unsupportable.**

The panel majority assumed that religious autonomy bars only explicit inquiries into "doctrinal disputes." Op.13. Not so. In "intra-organization disputes," such as those between a religious group and an employee, "[t]here are constitutional limitations on the extent to which a court may inquire into and determine matters of ecclesiastical cognizance and polity." *Gen. Council on Fin. & Admin. of the United Methodist Church v. Super. Ct. of Cal.*, 439 U.S. 1355, 1372 (1978) (Rehnquist, J., in chambers).

Those limits apply to secular intrusion "into church governance in a manner that would be inherently coercive;" they are not confined to the secular evaluation or interpretation of "religious doctrine." *Tomic v. Cath. Diocese of Peoria*, 442 F.3d 1036, 1039 (7th Cir. 2006). "Both aspects govern … *even when*—in fact most commonly when—*the complaint is not based on and does not refer to religious doctrine or church management* … but it is apparent that a controversy over either may erupt in the course of adjudication." *Id.* (emphasis added).

Such eruptions are certain on remand. The panel majority forced Moody "to defend its employment action on grounds related to church needs rooted in church doctrine," while Garrick seeks to prove that

Moody's "criticism of [her actions] was a pretext for firing [her], that the real reason was [her sex]." *Id.* at 1040; *accord* Op.17, 19–20. Moody will "rebut with evidence of what [professorial actions are religiously] proper" and Garrick will "in turn dispute [Moody's] claim." *Tomic*, 442 F.3d at 1040. Ultimately, a secular judge or jury will have "to resolve [an essentially] theological dispute" about a religious college's faith and internal operations. *Id.* Such inquiries "into the good faith of the position asserted by … clergy-administrators and its relationship to the school's religious mission" are forbidden. *NLRB v. Cath. Bishop of Chi.*, 440 U.S. 490, 502–03 (1979) (quotation omitted).

Fundamentally, the panel majority's practically nonexistent view of religious autonomy is false. *Demkovich* underscored that "personnel is policy" and that "avoidance, rather than intervention, [is] a court's proper role when … disputes involve[e] religious governance." 3 F.th at 975, 979. Yet the panel opinion disregarded *Demkovich* and rulings by other circuits that forbid the intrusive inquiry—and intermeddling in religious groups' affairs—mandated here. *E.g.*, *Bell v. Presbyterian Church (U.S.A.)*, 126 F.3d 328, 332 (4th Cir. 1997); *Rayburn v. Gen. Conf. of Seventh-Day Adventists*, 772 F.2d 1164, 1169–72 (4th Cir. 1985); *Scharon v. St. Luke's Episcopal Presbyterian Hosps.*, 929 F.2d 360, 363 (8th Cir. 1991); *Skrzypczak v. Roman Cath. Diocese of Tulsa*, 611 F.3d 1238, 1245 (10th Cir. 2010); *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 658–59 (10th Cir. 2002).

Moreover, the panel majority's claim that Garrick alleged pure "non-religious discrimination" defies the record. Op.21. Garrick swore before the EEOC that she was let go because "her form of Christianity was not aligned with Moody's beliefs." En.Banc.Pet.2 (cleaned up). Taking direction from the district court, Garrick did an about face and x-ed out parts of her complaint to mask that theological conflict. But Moody's "constitutional rights" turn on realities, not Garrick's sleights of hand or "mere [sex discrimination] labels." *NAACP v. Button*, 371 U.S. 415, 429 (1963); *cf. Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 139–40 (3d Cir. 2006) (sex-discrimination claim not cognizable).

### B. Moody's right—not to stand trial based on church autonomy—satisfies the collateral-order doctrine.

The panel majority said that Moody's right not to stand trial based on church autonomy failed the three collateral-order-doctrine requirements: (1) conclusiveness, (2) separateness, and (3) effective unreviewability. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009); *accord* Op.18. That's wrong on all three counts.

First, the question isn't whether the district court rejected every aspect of Moody's church-autonomy defense. Op.18, It's whether the court conclusively denied Moody's right "not to stand trial or face the other burdens of litigation." *Mitchell*, 472 U.S. at 526. *Accord Van Cauwenberghe v. Biard*, 486 U.S. 517, 524 (1988) (an asserted "right not

to stand trial" is "[t]he critical" issue). The district court plainly mandated a trial by requiring Moody to "prove[ ] that [its] religious motive is the actual motive" and not "a pretext" for sex discrimination. *Garrick v. Moody Bible Inst.*, No. 18-cv-573, 2021 WL 12110542, at *1–2 (N.D. Ill. Aug. 12, 2021) (cleaned up). Because the court's order "conclusively determine[d] whether [Moody] is entitled to immunity from suit," it's final. *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014).

Second, Moody's "claim of immunity" is separate because it's "conceptually distinct from the merits of the plaintiff's claim." *Mitchell*, 472 U.S. at 527. That "a reviewing court must consider the plaintiff's factual allegations in resolving the immunity issue" is irrelevant. *Id.* at 529. This Court can say that "principles of religious autonomy" bar Garrick's "pretext inquiry" without deciding whether her arguments are correct. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 206 (2012) (Alito, Kagan, JJ., concurring); *accord Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993) ("claim to a fundamental constitutional protection" generally has "no bearing on the merits"). The panel majority simply disagreed with Justices Alito and Kagan, stating that church autonomy couldn't possibly bar Garrick's pretext inquisition. Op.13, 19. But that's prejudging the merits of Moody's claims, not entwinement with them, which is backwards. Appellate courts must first determine whether there's an

asserted "right not to stand trial," *Van Cauwenberghe*, 486 U.S. at 524, before taking jurisdiction to decide the merits.

Third, the panel majority said Moody's religious-autonomy claim isn't effectively unreviewable because the college's First Amendment interests aren't sufficiently important. Op.20–21. That's astonishing. Moody's right "not to stand trial or face the other burdens of litigation" is "lost if [the] case is erroneously permitted to" proceed. *Mitchell*, 472 U.S. at 526. A key function of the Religion Clauses is safeguarding ministries "from the burden of defending themselves" in secular courts. *Helstoski v. Meanor*, 442 U.S. 500, 508 (1979) (quotation omitted). Certainly, "[t]he importance of the right asserted" matters. *Will v. Hallock*, 546 U.S. 345, 352 (2006) (cleaned up). But when "a constitutional … provision entitl[es] [Moody] to immunity from suit … there is little room for the [panel majority] to gainsay its 'importance.'" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994).

Religious institutions' right to control their internal government, faith, and doctrine, *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2055 (2020), is surely a "particular value of … high order," *Mohawk*, 558 U.S. at 107 (quotation omitted)—more so than the generic "public safety risks" deemed sufficient in *Shoop v. Twyford*, 596 U.S. 811, 817 n.1 (2022). Indeed, "the importance of securing religious groups' institutional autonomy … cannot be understated." *Whole Woman's Health v. Smith*, 896 F.3d 362, 374 (5th Cir. 2018). Our

fundamental constitutional order holds that "[d]iscerning doctrine from discrimination is no task for a judge or jury." *Demkovich*, 3 F.4th at 981.

In sum, the panel majority got the collateral-order doctrine wrong. Moody's asserted First Amendment right not to stand trial or face other litigation burdens meets all three requirements.

## CONCLUSION

Amici attest that "[t]he panel's legal errors undermine both Religion Clauses" and "Moody is … not alone in facing irreparable harm from the panel decision." En.Banc.Pet.9, 13 (cleaned up). So do Amici and their members. The petition for rehearing en banc should be granted.

Respectfully submitted,

Dated: April 22, 2024  By:*/s/ Rory T. Gray*

JOHN J. BURSCH
GREGEORY S. BAYLOR
CODY S. BARNETT
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal.org
gbaylor@ADFlegal.org
cbarnett@ADFlegal.org

RORY T. GRAY
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road
Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
rgray@ADFlegal.org

*Attorneys for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(b)(4) because this brief contains 2,545 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as determined by the word counting feature of Microsoft Office 365.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) and Circuit Rule 32 because it has been prepared in a proportionally spaced typeface using 12-point Century Schoolbook.

Dated: April 22, 2024

*/s/ Rory T. Gray*
Rory T. Gray
Attorney for Amici Curiae

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/ Rory T. Gray*
Rory T. Gray
Attorney for Amici Curiae
